UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>PRAETORIAN INSURANCE COMPANY,<br><br>    Defendant. | Case No. 20-cv-04766-TSH<br><br>**REQUEST FOR REASSIGNMENT WITH REPORT AND RECOMMENDATION REGARING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 14 |

On November 18, 2019, Plaintiff Kevin B. Williams filed a motion for default judgment. ECF No. 14. For the reasons stated below, the Clerk of Court shall reassign this action to a District Judge with the recommendation that Williams' motion for default judgment be **DENIED** without prejudice.

As a preliminary matter, the undersigned notes that default has not been entered. Courts recognize that "entry of default judgment is a two-part process; default judgment may be entered only upon the entry of default by the Clerk of the Court." *Brooks v. United States*, 29 F. Supp. 2d 613, 618 (N.D. Cal. 1998), *aff'd*, 162 F.3d 1167 (9th Cir. 1998); 10A Fed. Prac. & Proc. Civ. § 2682 (4th ed.) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Thus, because Williams has not obtained an entry of default against Praetorian, he may not seek default judgment against it. Additionally, it is does not appear that Praetorian has been served. On August 17, 2020, the Court directed service upon Defendant (ECF No. 10), but there is no indication service has been executed.[1] Under Rule 55(a), Praetorian must have the opportunity to appear and defend itself

---

[1] Williams cites to ECF No. 13 as proof of service, but that entry is the United States Marshal Service's acknowledgment that it received the documents, not that service has been executed.

before default may be entered.  Therefore, the undersigned recommends the motion for default judgment be denied as premature.  The undersigned further recommends the denial be without prejudice to Williams refiling a motion for default judgment if the Clerk enters default.

Any party may file objections to this report and recommendation with the District Judge within 14 days of being served a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *IBEW Local Trust 595 Trust Funds, v. ACS Controls Corp.*, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

The Court reminds Williams that he may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco, by calling 415-782-8982.  More information is available at http://cand.uscourts.gov/helpcentersf.  He may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*, which is available online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: October 28, 2020

THOMAS S. HIXSON
United States Magistrate Judge