UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B WILLIAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>PRAETORIAN INSURANCE COMPANY,<br><br>  Defendant. | Case No. 3:20-cv-04766-WHO<br><br>**ORDER ON MOTION TO DISMISS OR TRANSFER, TRANSFERRING CASE**<br><br>Re: Dkt. No. 24 |

The plaintiff estate, for which Kevin B. Williams ("Mr. Williams") is administrator, alleges that defendant Praetorian Insurance Company ("Praetorian") failed to pay out on a homeowner's insurance policy for the decedent's Georgia residence. For the reasons that follow, there is no personal jurisdiction over Praetorian in this Court. Because both parties request transfer in the alternative to, respectively, dismissing the case or finding jurisdiction, I will transfer this case to the U.S. District Court for the Northern District of Georgia.

## BACKGROUND[1]

Chauné Marie Williams ("Ms. Williams") lived in Fairburn, Georgia, with her young son. First Amended Complaint ("FAC") [Dkt. No. 9] ¶¶ 2, 19. Beginning December 2, 2018, the Georgia residence was covered by a homeowner's insurance policy ("the Policy") from Praetorian. *Id.* ¶¶ 17, 24–28, Ex. B (Dkt. No. 91- at 8–10). Praetorian is incorporated in Pennsylvania, Dkt. No. 24-1 ¶ 3, and has its principal place of business in Wisconsin, *id.* ¶ 2; FAC ¶ 14. The Policy was, according to the FAC, "executed in the State of Georgia." FAC ¶ 17. As discussed in more detail below, it appears that Praetorian or Ms. Williams used a broker, D.R. Horton Insurance

---

[1] Because Mr. Williams is unrepresented, I construe his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Agency ("D.R. Horton"), in California to sell or purchase the Policy. *See, e.g.*, *id.* ¶ 16.

Ms. Williams frequently traveled from Georgia to California for her legal practice. *Id.* ¶ 19. On January 30, 2019, while on one of these trips, she passed away suddenly and unexpectedly. *Id.* ¶¶ 2, 4. After her death, her father, Mr. Williams, was appointed administrator of her estate by a Georgia court. *Id.* ¶ 7. Mr. Williams lives in San Francisco, California. *Id.* ¶ 8. Though the details are not entirely clear from the pleadings, it appears that Ms. Williams's Georgia residence entered foreclosure and that "squatters" lived in it and stole the property inside. *Id.* ¶ 6.[2] What matters for present purposes is that Mr. Williams, on behalf of the estate, made a claim to Praetorian under the Policy to pay for the theft. *Id.* ¶ 21. According to the FAC, Praetorian failed to give payment under the Policy, breaching the insurance contract. *Id.* ¶¶ 22–29. It appears that Mr. Williams retained an attorney for some communications with Praetorian and for assistance securing the Georgia residence. *See id.* ¶¶ 22–23.

On September 10, 2020, Mr. Williams, not represented by counsel, filed suit in this Court. Dkt. No. 1. Magistrate Judge Thomas S. Hixson granted his motion to proceed *in forma pauperis*, screened the complaint, and found that D.R. Horton's presence as a party meant the parties were not completely diverse. Dkt. No. 8. As a result, Judge Hixson explained that Mr. Williams could either remedy that deficiency or that the case could be brought in state court. *Id.* The FAC, filed in August 2020, omitted D.R. Horton as a party. Judge Hixson found that the defect was remedied and the Court possessed subject matter jurisdiction, so he directed that the summons issue. Dkt. No. 10.

In October 2020, Mr. Williams moved for entry of default judgment. Dkt. No. 14. Judge Hixson issued a report and recommendation that the motion be denied and the case was reassigned to me. Dkt. Nos. 15, 17. I adopted the report and recommendation and denied the motion for default judgment because Praetorian had not been served and default had not been entered. Dkt. No. 18. The summons was returned unexecuted and I directed service to a new address in February 2021. Dkt. Nos. 19, 22. Praetorian now moves to dismiss or transfer for lack of

---

[2] Mr. Williams provides other details in a declaration, including that the alleged squatter claimed to be Ms. Williams's partner, but the details of the alleged theft are not relevant to this motion.

personal jurisdiction and venue.  Motion to Dismiss ("Mot.") [Dkt. No. 24].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss for lack of personal jurisdiction.  The plaintiff then bears the burden of demonstrating that jurisdiction exists.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  The plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger*, 374 F.3d at 800 (citations omitted).  "Conflicts between [the] parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.*  "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand a motion to dismiss." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011).  In such cases, "we only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995).  Courts may not, however, "assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." *Core-Vent Corp. v. Novel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993) (citation omitted).  "California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution." *Id.*; CAL. CIV. PROC. CODE § 410.10.  "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 800–01.

"There are two types of personal jurisdiction: general and specific." *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986).  "[G]eneral jurisdiction permits a

defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801. It exists where a nonresident defendant's activities within a state are "substantial" or "continuous and systematic." *Data Disc.*, 557 F.2d at 1287. Such contracts must "be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

Specific jurisdiction arises when a defendant's specific contacts with the forum give rise or relate to the claim in question. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414–16 (1984). "A court exercises specific jurisdiction where the cause of action arises out of or has a substantial connection to the defendant's contacts with the forum." *Glencore Grain Rotterdam BV v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). The Ninth Circuit employs a three-part test to determine whether there is specific jurisdiction over a defendant: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *Schwarzennegger*, 374 F.3d at 802.

The first prong of that test may be satisfied by "purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (citation and internal quotation marks omitted). In contract cases, courts "typically inquire whether a defendant purposefully avails itself of the privilege of conducting activities or consummates a transaction in the forum, focusing on activities such as delivering goods or executing a contract." *Id.* (internal quotation marks and alterations omitted). The second prong does not necessarily require a "a strict causal relationship between the defendant's in-state activity" and the claim, but it does require "an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Ford Motor Co. v. Montana Eighth*

4

*Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025–26, (2021) (internal quotation marks, citations, and alteration omitted).

The plaintiff bears the burden of satisfying the first two prongs of the test. *Schwarzenegger*, 374 F.3d at 802. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable." *Id.* If the plaintiff cannot satisfy either of the first two prongs, personal jurisdiction is not established in the forum state. *Id.*

## DISCUSSION

### I. PERSONAL JURISDICTION

Praetorian argues that there is no personal jurisdiction over it in this Court. It is correct.

#### A. General Jurisdiction

There is no general jurisdiction over Praetorian in California. It is incorporated in Pennsylvania and has its principal place of business in Wisconsin. Dkt. No. 24-1 ¶¶ 3–4. There is no indication that there are the "exceptional" circumstances that otherwise render it "essentially at home" in California. *See Daimler AG v. Bauman*, 571 U.S. 117, 138–39 & n.19 (2014). Although Mr. Williams points out that Praetorian has been sued in California numerous times, Opposition to the Mot. ("Oppo.") [Dkt. No. 32] 8–9, lawsuits in a forum alone have never been held to place a party essentially at home in that forum.

#### B. Specific Jurisdiction

There is also no specific jurisdiction in this case. The FAC alleges a breach of the Policy, a homeowner's insurance contract.[3] Ms. Williams resided in Georgia and the contract was for her Georgia residence. FAC ¶¶ 3, 19, Dkt. No. 35 at 58. The alleged breach is the failure to pay on the policy on that Georgia home. If it had been fully performed by Praetorian, the policy would pay out based on damages sustained from the Georgia home. Accordingly, the claim does not "arise out of or relate to" any California activities that Praetorian may have carried out. *Glencore*, 284 F.3d at 1123.

---

[3] The FAC also alleged a RICO violation and a violation of the Homeowner's Protection Act, but Mr. Williams withdrew those claims in his opposition. *See* Oppo. 23.

United States District Court
Northern District of California

5

1    Other connections that Praetorian has to California either do not constitute purposeful
2    availment or do not relate to this suit. The most significant connection that can be gleaned from
3    the Complaint (and supported by a declaration that Mr. Williams has filed) is the allegation that,
4    on information and belief, the contract was negotiated through a broker agency based in
5    California.  FAC ¶ 16; Declaration of Kevin B. Williams ("Williams Decl.") [Dkt. No. 33] ¶ 39.
6    He has included a "Homeowner Amended Declaration" that identifies Praetorian as the provider
7    and "D.R. Horton Insurance Agency" in West Hills, California, as "your agent."  Dkt. No. 25 at
8    58.  Though this implies that Ms. Williams used this broker, Praetorian does not further explain
9    the relationship and Mr. Williams is unrepresented, so I will assume for the sake of this motion
10   that D.R. Horton had the role that would most plausibly support personal jurisdiction: negotiating
11   the contract *on Praetorian's behalf* with Ms. Williams.

12   That contact alone cannot support specific jurisdiction.  Assuming these facts, this case
13   would be almost entirely on all fours with *Micron Tech., Inc. v. Factory Mut. Ins. Co.*, No. 18-CV-
14   07689-LB, 2019 WL 2410732 (N.D. Cal. June 7, 2019), which involved insurance on factories.
15   There, as here, neither the insurer nor the insured were based in California. *Id.* at, *1–*3.  There,
16   as here, the alleged California connection was that the *broker* was based in California.  *Id.*  And
17   there, as here, the policy was supposed to pay out for property that was not in California.  *Id.*
18   *Micron* explained that, even when that was so, the defendant's connection to California would be
19   at most "use of the mails, telephone, or other communication" with the broker.  *Id.*, at *7 (internal
20   quotation marks and alteration omitted).  And, in the context of contracts, "ordinarily use of the
21   mails, telephone, or other international communications simply do not qualify as purposeful
22   activity invoking the benefits and protection of the forum state." *Roth v. Garcia Marquez*, 942
23   F.2d 617, 622 (9th Cir. 1991) (internal quotation marks and alteration omitted).

24   The use of a California broker, here and in *Micron*, does not mean that the *insurer*
25   purposefully availed itself of California, at least when the insurer and insured were based in
26   another state and the policy was supposed to pay on out-of-state property.  The one difference
27   between the cases is that, in *Micron*, the broker was used by the plaintiff; here I assume it was
28   used by Praetorian, so the argument for personal jurisdiction is slightly stronger.  But that does not

change the fundamental fact that Praetorian reached out to Georgia, not California, in this transaction. This case, in fact, has an even weaker connection to California than similar ones in which courts have found they lacked personal jurisdiction. In *Navigators Specialty Ins. Co. v. Kapiolani Residential, LLC*, No. 17-CV-06575-SI, 2018 WL 1426608 (N.D. Cal. Mar. 22, 2018), a defendant reached out *from its California office to a California broker* for insurance on a property in Hawaii when both parties were based in other states. In *Applied Underwriters, Inc. v. Combined Mgmt., Inc.*, 371 F. App'x 834 (9th Cir. 2010), the court affirmed dismissal for lack of personal jurisdiction because the contract was negotiated with employees in *the defendant's* (not just a broker's) California office for insurance on property in another state when the plaintiff was out of state.

These courts' findings, and this one, are consonant with broader principles of contract-based purposeful availment. As the Supreme Court has explained, a contract is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985) (internal quotation marks omitted). What needs to be evaluated are the "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Id.* As a result, "an individual's contract with an out-of-state party *alone* [cannot] automatically establish sufficient minimum contacts in the other party's home forum." *Id.* at 478 (emphasis in original). In other words, even the *formation* of a contract with an out of state *party* "is not, standing alone, sufficient to create jurisdiction." *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008).

The next possible connection to California is that Praetorian's brief essentially admits it has sold insurance policies to California residents and that it is licensed to sell insurance here. Praetorian's Reply to the Oppo. ("Reply") [Dkt. No. 36] 3 ("There are surely policyholders in California."). But when it comes to specific personal jurisdiction, the forum-state activities must at least "relate to" the claim at issue. The Supreme Court has recently reiterated that this relation means that "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject

7

to the State's regulation." *Ford*, 141 S. Ct. at 1025 (internal quotation marks, citations, and alteration omitted). Here, the contract was for a property in Georgia entered into by a Georgia resident, so Praetorian's *other* contracts cannot confer specific jurisdiction.

Mr. Williams has filed exhibits that show he exchanged emails with Praetorian while sorting out the situation with the Ms. Williams's house. Dkt. No. 35 at 4–53. I understand him to argue that because *he* sent at least some of these emails from California about the case, there is specific jurisdiction over Praetorian here. *See* Oppo. 12–18. He also asserts that Ms. Williams regularly traveled to California for her work. *Id.* Purposeful availment, however, requires the *defendant* to take some action directed at the forum, not that the plaintiff or another party *unilaterally* went there and then happened to have contact with the defendant. *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir. 1986).

Finally, Mr. Williams points out that, before the case was transferred to me, Judge Hixson stated that "[h]aving screened Williams' amended complaint . . . the Court finds he has properly alleged the Court's jurisdiction." Dkt. No. 10. Judge Hixson was referring to subject matter jurisdiction, not personal jurisdiction. Subject matter jurisdiction is the power of the court to hear a type of case, which exists here because Mr. Williams's case is premised on "diversity" subject matter jurisdiction—meaning the case is between citizens of different states. Personal jurisdiction, on the other hand, is the power of the court over the defendant. Having one type of jurisdiction does not mean that the court has the other. Judge Hixson found that the court had subject matter jurisdiction over the case, not personal jurisdiction over Praetorian. *See* Dkt. No. 8 (Judge Hixson previously finding subject matter jurisdiction defects).

## II.     TRANSFER

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Supreme Court has explained that "[t]he language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, *whether the court in which it was filed had personal jurisdiction over the defendants or not*." *Goldlawr, Inc. v.*

8

1  *Heiman*, 369 U.S. 463, 466 (1962) (emphasis added).  And courts have transferred cases under the

2  statute upon finding a lack of personal jurisdiction.  *See, e.g.*, *Navigators*, 2018 WL 1426608, at

3  \*8.  Praetorian and Mr. Williams both request transfer as an alternative to, respectively, granting

4  or denying the motion to dismiss.  Mot. 11; Oppo. 23–24  Praetorian also admits that the Northern

5  District of Georgia is the proper forum for this dispute.  Mot. 12.  There is no reason to dismiss the

6  suit entirely rather than transfer it to its proper forum.[4]

## CONCLUSION

This case will be TRANSFERRED to the U.S. District Court for the Northern District of Georgia.  The Case Management Conference scheduled for June 15, 2021 is VACATED.  For Mr. Williams's information, that Court has resources available for pro se litigants at http://www.gand.uscourts.gov/prisoner-and-pro-se-guidance.

**IT IS SO ORDERED.**

Dated: June 10, 2021



William H. Orrick
United States District Judge

---

[4] Praetorian's successful argument that this case is properly heard in the Northern District of Georgia likely means that it is judicially estopped from contesting personal jurisdiction or venue there.  *See New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001).